Elizabeth R. Loveridge, #6025
David A. Nill, #8784
**WOODBURY & KESLER, P.C.**
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358
Tel: (801) 364-1100

Attorneys for Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| In re:<br><br>**Michael Sabourin**<br>**Kimberly Sabourin**<br><br><br><br>Debtors. | Bankruptcy Case No. **12-30148 RKM**<br><br>Chapter 7 |
|---|---|

**MOTION TO APPROVE SETTLEMENT AGREEMENT**

Elizabeth Loveridge, the Chapter 7 Trustee of the Dawn Thompson bankruptcy estate moves the Court to approve a settlement agreement between the Trustee and Ruth Laurito.

1.  Michael Sabourin (the "Debtor") and Kimberly Sabourin filed a Chapter 7 bankruptcy on August 8, 2012.

2.  Ruth Laurito is the Debtor's former spouse.

3.  Under the Decree of Divorce entered by the Third Judicial District Court for Salt Lake County, in Sabourin v. Laurito-Sabourin, Civil No. 104400330 dated April 15, 2010 (the "Divorce Decree"), the Court awarded the marital home to Ruth Laurito, but awarded a judicial lien to the Debtor for $25,000.00.

      4.      Ruth Laurito was to pay the Debtor the judicial lien upon the occurrence of one of the events listed in the Divorce Decree.

      5.      The Debtor's right to payment of $25,000.00 under the Divorce Decree and his lien imposed by the Divorce Decree are property of the estate.

      6.      On information and belief, none of the events listed in the Divorce Decree that would trigger payment of the lien to the Debtor have occurred.

      7.      On July 10, 2013, Ruth Laurito agreed to compromise the amount of the lien and the time of payment and agreed to pay the Trustee $5,000.00 to resolve the Trustee's claims. A copy of the Settlement Agreement is attached as **Exhibit "A."**

      8.      The Settlement Agreement is in the best interest of the estate. <u>In re Kopexa Realty Venture Co.</u>, 213 B.R. 1020, 1022 (10th Cir. B.A.P. 1997). In assessing settlements, courts consider: 1) the probability of success in the litigation; 2) difficulties encountered in collection; 3) the complexity and expense of the litigation; and 4) the interests of the creditors and the estate. <u>Id</u>.

    <u>(1) Litigation.</u>

The Trustee has not filed an action to recover the $25,000.00. Obtaining a judgment would be difficult because the right to recover the $25,000.00 is contingent upon events stated in the Divorce Decree which have not occurred.

    <u>(2) Difficulty in collection.</u>

Collecting a judgment in this case would be difficult because the Trustee would have to look to the real property subject to the Debtor's judicial lien for recovery. The Trustee's research

shows that insufficient equity exists in the property to recover the $25,000.00, or the settlement amount from the property.

(3) Complexity in litigation.

The facts and law of this case are not complex.

(4) Interests of the creditors.

Recovery of $5,000.00 is in the best interest of the creditors because it collects all a portion of the Debtor's judicial lien that could not be recovered in any other way.

WHEREFORE, the Trustee requests the Court to approve the settlement agreement between the Trustee and Ruth Laurito.

DATED this 11th day of July, 2013.

**WOODBURY & KESLER, P.C.**

/s/

David A. Nill
Attorneys for Elizabeth R. Loveridge,
Chapter 7 Trustee

## CERTIFICATE OF SERVICE—BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I certify that on July 11th, 2013, I electronically filed the **MOTION TO APPROVE SETTLEMENT AGREEMENT** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

U.S. Trustee USTPRegion19.SK.ECF@usdoj.gov
Brent K. Wamsley brent@wamsleylaw.com

_____/s/_____
Kasey MacRae

## CERTIFICATE OF SERVICE—MAIL, OTHER

I certify that on July 11th, 2013, I served a copy of the **MOTION TO APPROVE SETTLEMENT AGREEMENT** as follows:

**Mail Service—by regular first class United States mail, postage fully pre-paid, addressed to:**

Ruth Laurito
1278 West High River Circle
Riverton, Utah 84065

Michael Sabourin
Kimberly Sabourin
1801 Mason View Drive
Riverton, Utah 84065

_____/s/_____
Kasey MacRae

**Mail Service to Entire Matrix—By regular first class United States mail, postage fully pre-paid, addressed to all parties who did not receive electronic service as set forth herein listed on the Official Court Mailing Matrix dated July 11, 2013 attached hereto**.

_____/s/_____
Kasey MacRae

# EXHIBIT "A"